IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:10-CR-087-D (01) |
| VS. | § | |
| | § | |
| | § | |
| MOISES MARIN BARRIGA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The December 5, 2011 petition of petitioner Ramon Ramirez ("Ramirez") asserting an interest in real property that is the subject of a preliminary order of forfeiture in this case is dismissed because it is not signed under penalty of perjury.

I

On May 11, 2011 the court filed in this case a preliminary order of forfeiture concerning the real property situated at 2431 Kingsley, Grand Prairie, Tarrant County, Texas, more specifically described as Lot 33, Block D, Hidden Creek, an addition to the city of Grand Prairie, Tarrant County, Texas, according to the map or plat thereof recorded in cabinet A, slide 7062 and amended in cabinet A, slide 7752 of the plat records of Tarrant County, Texas. On December 5, 2011 Ramirez filed a *pro se* petition asserting that the property in question is his, not the defendant's. The government responded to Ramirez's petition on January 6, 2012 and March 9, 2012. In its March 9, 2012 supplemental response, the government requests that the court set Ramirez's petition for a hearing.

II

21 U.S.C. § 853(n) establishes the requirements for asserting a third-party interest in property subject to forfeiture. Under § 853(n)(2), the third party can petition the court for a hearing to adjudicate the validity of his alleged interest in the property. But § 853(n)(3) provides, among other requirements, that "[t]he petition shall be signed by the petitioner under penalty of perjury[.]" Ramirez's *pro se* petition is not signed under penalty of perjury. On the first page of his petition, Ramirez asserts that the defendant is not the owner of the property and that the forfeiture should be amended to exclude Ramirez's property. He states that he is including proof that the property at issue is his, not the defendant's. Ramirez identifies the supporting documents included in his petition. And he invites the court to contact him with any questions. But Ramirez has not signed the petition under penalty of perjury or provided some form of supporting oath that can fairly be deemed its equivalent.

"Federal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture proceedings." *United States v. Burge*, ___ F.Supp.2d ___, 2011 WL 6322984, at *2 (C.D. Ill. Dec. 19, 2011) (citing cases)). "It has been held that failure to meet the statutorily mandated pleading requirements of 21 U.S.C. § 853(n)(3) and the 30 day period of limitations set forth in 21 U.S.C. § 853(n)(2) warrants dismissal of claims filed in a forfeiture petition." *United States v. Wellington*, 2007 WL 81848, at *1 (N.D. Ohio Jan. 8, 2007) (citing *United States v. Miller*, No. 3:02 CR 722 (N.D. Ohio Oct. 3, 2003)). Courts have dismissed third-party petitions that do not comply with the requirement that they be signed

under penalty of perjury. *See, e.g., United States v. Loria*, 2009 WL 3103771, at *2 (W.D.N.C. Sept. 21, 2009) ("In addition, the petition is invalid because it was not signed under penalty of perjury." (citing 21 U.S.C. § 853(n)(3)); *United States v. Edwards*, 2007 WL 2088608, at *2 (W.D. La. July 20, 2007) ("The Government contends that the petition should be dismissed because [petitioner] failed to sign her claim under the penalty of perjury. Because courts have strictly enforced this requirement in various types of forfeiture proceedings in order to discourage false or frivolous claims, the Court agrees." (citing cases)); *but see United States v. Ward*, 2007 WL 2993870, at *2 (W.D. La. Oct. 11, 2007) (dismissing petition because petitioners failed to establish standing to contest forfeiture, but declining to do so based on petitioners' failure to sign petition under penalty of perjury because petitioners were acting *pro se*, both had signed petition, failure to sign under penalty of perjury could be easily corrected by amendment, and there was no indication that petitioners had failed to sign because they were asserting frivolous claims).

The court recognizes that, under § 853(o), "[t]he provisions of this section shall be liberally construed to effectuate its remedial purposes." But it would actually undermine the remedial purposes of the forfeiture statute to read the penalty-of-perjury requirement out of § 853(n)(3), thereby enabling claimants to interdict the orderly process of forfeiture by triggering mandatory hearings through unsworn allegations. Moreover, the requirement that a petition be signed under penalty of perjury applies to the specific prescribed content of the petition. The petition must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right,

title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." It is this essential information that must be supported by the signature of "the petitioner under penalty of perjury." And as the cases recognize, requiring that this information be provided under the pains and penalties of perjury discourages false or frivolous claims.

* * *

Accordingly, because Ramirez's petition does not comply with the requirement of § 853(n)(3) that it be signed under penalty of perjury, his petition is dismissed.

**SO ORDERED**.

March 29, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE